925 F.2d 1456
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LIBERTY LIFE INSURANCE COMPANY, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, American Employers'
Insurance Company, Home Indemnity Company, United
States Fire Insurance Company,
Defendants-Appellees,
and
Mission National Insurance Company, Defendant.
LIBERTY LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
HOME INDEMNITY COMPANY, Defendant-Appellant,
and
Commercial Union Insurance Company, American Employers'
Insurance Company, Mission National Insurance
Company, United States Fire Insurance
Company, Defendants.
 Nos. 89-1799, 89-1800.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1990.
Decided Feb. 14, 1991.
As Amended Feb. 26, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-85-1352-6-17)
 Gaspare Joseph Bono, Howrey & Simon, Washington, D.C. (Argued), for Appellant; R. David Black, Liberty Life Insurance Company, Greenville, S.C., on brief.
 Thornwell F. Sowell, Nelson, Mullins, Riley & Scarborough, Thomas C. Salane, Turner, Padget, Graham & Laney, P.A., Columbia, S.C. (Argued), for appellees; R. Bruce Shaw, J. Calhoun Watson, Nelson, Mullins, Riley & Scarborough, Wilburn Brewer, Jr., Ashley B. Abel, Nexsen, Pruet, Jacobs & Pollard, Columbia, S.C., on brief.
 D.S.C. [APPEAL AFTER REMAND FROM 857 F.2D 945].
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 Liberty Life Insurance Company (Liberty) brought this action against its liability insurance carriers, Commercial Union Insurance Company (Commercial),[1] American Employer's Insurance Company (American), Home Indemnity Company (Home), Mission National Insurance Company (Mission) and United States Fire Insurance Company (U.S. Fire) for failure to defend Liberty in a series of suits brought against it by Metropolitan Life Insurance Company (Metropolitan). Liberty and its liability insurance carriers filed cross motions for summary judgment. The district court denied Liberty's motion and granted the carriers' motions in part. The remaining parts of the case were tried to the court without a jury which awarded Liberty $21,225.84 against Home. Liberty and Home appeal. We affirm.
 
 
 2
 Between November 1983 and June 1984, Metropolitan filed five lawsuits alleging that Liberty intentionally engaged in a series of acts constituting tortious and improper conduct.[2] Liberty's liability insurance carriers refused, for various reasons, to defend Liberty in the Metropolitan lawsuits. Liberty sued the carriers. The district court granted summary judgment in favor of the carriers on the basis that the Metropolitan lawsuits did not allege an "occurrence" as the term was defined in the policies. Liberty appealed and we held that the district court was correct in finding that an occurrence did not take place in some of the instances claimed but that the limitation of an occurrence did not apply to certain risk categories. Liberty Life Ins. Co. v. Commercial Union Ins. Co., 857 F.2d 945 (4th Cir.1988). We vacated and remanded the case to the district court for it to consider whether any claims arose in conjunction with the advertising injury or personal injury risk categories for three of the policies and under a possible ambiguity in the fourth. Liberty Life, 857 F.2d at 949-51.
 
 
 3
 On remand, the district court allowed extensive briefing and oral argument.[3] The district court granted the carriers summary judgment on all claims except the Minnesota and Missouri claims. A trial was held on the two remaining claims, and the district court awarded Liberty $21,225.84 against Home on the Minnesota claim and dismissed the Missouri claim. Liberty and Home appeal.
 
 
 4
 We have considered the record in these cases as well as the briefs with their multitude of points raised on appeal and heard oral argument. We have also considered the opinions filed by the district court. We are of opinion to, and do, affirm the judgment of the district court substantially for the reasons expressed in its opinions, except as to one point which we will briefly discuss.
 
 
 5
 Despite the fact that the district court awarded to Liberty defense costs of $21,225.84, it did not award interest on that sum. Liberty assigns as error the failure to award pre-judgment interest. It is true in South Carolina that pre-judgment interest customarily may be included when disputed payments under an insurance policy are recovered. See, for example, Kerr v. State Farm Fire & Casualty, 731 F.2d 227, 229 (4th Cir.1984). But it is also true that pre-judgment interest is only due from the time payment is demandable if the sum is certain or capable of being reduced to a certainty. Anderson v. Citizens Bank, 365 S.E.2d 26, 32 (S.C.App.1987). In this case, however, even after the litigation had commenced, on November 8, 1985, and in response to the interrogatory, "State the allocation plaintiff has made of its total defense costs to each of the five Metropolitan lawsuits," Liberty responded, "Plaintiff has made no such allocation." This response, coupled with the district court's finding of fact that due to the wide disparity of fees charged by law firms for defense work and the many uncertainties of the case that the amount due was unliquidated, supports the district court's conclusion that pre-judgment interest should not have been awarded. Since the amount due in this particular case had not been allocated and was unliquidated, it was not demandable. We are thus of opinion to affirm the decision of the district court.
 
 
 6
 The judgment of the district court is accordingly
 
 
 7
 AFFIRMED.
 
 
 8
 DONALD RUSSELL and K.K. HALL, Circuit Judges, joined.
 
 
 
 [1]
 Eventually Liberty acknowledged that it had no basis to continue to assert claims against Commercial and consented to the dismissal of Commercial from the case
 
 
 [2]
 See our earlier opinion in this case for a summary of the various lawsuits. Liberty Life Ins. Co. v. Commercial Union Ins. Co., 857 F.2d 945, 947 (4th Cir.1988)
 
 
 [3]
 The case involves fourteen causes of action filed in five different states in different lawsuits and four different liability policies. The district court construed each policy separately according to its terms